IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:25-CV-00629-M

JOHN W. DAVIS, III,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

ORDER

This matter comes before the court on the United States' motion to dismiss [DE 5]. In this negligence action governed by the Federal Tort Claims Act ("FTCA"), the United States contends that Plaintiff failed to exhaust his administrative remedies because he did not present his claim to the relevant agency (here, the Department of the Navy) prior to instituting suit. DE 6 at 4-5; DE 6-1 at 1-2. Plaintiff did not file any response in opposition to the United States' motion. *See* Docket Entries dated April 21, 2025, to present.

One "jurisdictional prerequisite" under the FTCA is "administrative exhaustion." *Estate of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024). A claimant must administratively exhaust his claim by "present[ing] the claim" for a sum certain "to the appropriate Federal agency," and then waiting for the agency to deny the claim or fail "to make final disposition of [the] claim within six months." 28 U.S.C. § 2675(a), (b). Unless a claimant has exhausted his claim, "[t]he FTCA bars claimants from bringing suit in federal court." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Because exhaustion under the FTCA "is jurisdictional," *Van Emburgh*, 95 F.4th at 801, the United States may contest a failure to exhaust under Rule 12(b)(1) of the Federal Rules of Civil

Procedure. That rule permits the court to receive evidence on the issue of subject-matter jurisdiction, and the court should grant a 12(b)(1) motion "if the material jurisdictional facts are not in dispute." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Here, the United States provided evidence that Plaintiff "has not filed an administrative claim with or against the Department of the Navy based on the subject matter of this action." DE 6-1 at 1-2. That evidence is undisputed; Plaintiff "failed to respond" to the United States' motion, meaning that the court may "rule on the [Government's] motion and dismiss [Plaintiff's] FTCA suit on the uncontroverted bases asserted therein." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). Thus, the court finds that it lacks subject-matter jurisdiction over Plaintiff's claim, GRANTS the United States' motion, and DISMISSES Plaintiff's complaint. 28 U.S.C. § 2675(a), (b); *McNeil*, 508 U.S. at 113; *Van Emburgh*, 95 F.4th at 800-01. Because this dismissal is attributable to a "defect in subject matter jurisdiction," it is "without prejudice." *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

SO ORDERED this 4th day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE